UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA DOUGLAS HENDERSON,

     Plaintiff,

v.                                                            Case No. 8:23-cv-1907-JLB-SPF

SHERIFF BOB GUALTIERI, *et al.*,

     Defendants.

_____/

## ORDER

     Before the Court are Mr. Henderson's "Petition for Leave to Amend Deficiencies and Liberally Construe Pro-Se Filings" (Doc. 64) and "Motion to Suspend Application of a Rule." (Doc. 65). Mr. Henderson appears to move the Court for leave to amend his Second Amended Complaint and suspend Local Rule 3.01(g).

## I. "Petition for Leave to Amend Deficiencies and Liberally Construe Pro-Se Filings" (Doc. 64)

     Mr. Henderson moves to amend his Second Amended Complaint. "A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999). Mr. Henderson does neither. Rather, he asserts, in vague terms, that he wants to "reorganize the facts underlying [his] claim." Doc. 64 at 2. Mr. Henderson is advised that, if he wishes to pursue such relief, he is

required to file an appropriate motion in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.   Notably, any such motion would likely be due to be denied as futile if Mr. Henderson cannot refute Defendants' motion to dismiss for failure to exhaust administrative remedies.   *See* Doc. 60 at 8–12.

## II. "Motion to Suspend Application of a Rule." (Doc. 65)

Local Rule 3.01(g) provides that before filing any motion in a civil case, subject to certain exceptions, the movant must confer, or attempt to confer, with the opposing party in a good faith effort to resolve the motion and include a "Local Rule 3.01(g) Certificate" at the end of the motion, in which the movant certifies it has conferred with the opposing party, states whether the parties agree on the resolution of all or part of the motion, and if the motion is opposed, states how the conference was conducted.   M.D. Fla. Loc. R. 3.01(g).   The Local Rules authorize the Court to "temporarily modify or suspend the application of" Local Rule 3.01(g) if "reasonably necessary" to "advance efficiency, consistency, convenience, and other interests of justice."   M.D. Fla. Loc. R. 1.01(a)–(b).   Considering that Mr. Henderson is incarcerated and proceeding as a pauper, the Court finds good cause to suspend application of Local Rule 3.01(g).

Accordingly, it is **ORDERED** that:

1.  Mr. Henderson's "Petition for Leave to Amend Deficiencies and Liberally Construe Pro-Se Filings" (Doc. 64) is **DENIED** without prejudice to his right to file an appropriate motion for leave to amend.

2.  Mr. Henderson's "Motion to Suspend Application of a Rule." (Doc. 65) is **GRANTED**.   Unless otherwise ordered, the parties are not required to comply with Local Rule 3.01(g) before filing motions in this case.   However, the parties are encouraged to confer in good faith to resolve any disputes before seeking Court intervention, and the parties must comply with Federal Rule of Civil Procedure 37(a)(1) before filing any motion to compel.

**DONE and ORDERED in Tampa, Florida, on May 26, 2026.**

_____

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

3